IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) | |
| v. | ) ) ) ) ) | No. 08-CR-274 (ESH) |
| **KEVIN A. RING** | ) ) | |

## MOTION TO UNSEAL

Kevin A. Ring, through undersigned counsel, moves to unseal the sealed exhibit attached to this motion, which consists of portions[1] of a Powerpoint presentation used by the government during reverse proffer session held prior to Mr. Ring's indictment.  The unsealing is sought so that relevant portions of the Powerpoint can be provided to public interest groups, legal academics, and others in order to educate the public about how pleas and charging decisions can work and how prosecutors' actions can affect the criminal justice process.  Counsel for Mr. Ring has contacted the government for its position on the motion, but has not received a substantive response as to the government's position.

## ARGUMENT

There exists in this Circuit a "strong presumption in favor of public access to judicial proceedings." *EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996). This Circuit has stated that "[t]he courts are public institutions that best serve the public when they do their business openly and in full view." *Id.* at 1408. Moreover, this Circuit has recognized the

---

[1] Mr. Ring is seeking to unseal only limited portions of the Powerpoint in order to protect the privacy interests of others mentioned in it.

importance of making court records accessible to the public, especially when the Government is a party to the case. *Id.* at 1409; see also *Martin Marietta Corp. v. Dalton*, 974 F. Supp. 37, 40 (D.D.C. 1997) (responding to a Freedom of Information Act request, this Court stated that disclosure of potentially confidential information in the hands of the Government is important to "open agency action to the light of public scrutiny"). Further, the fact that public filings refer to exhibits and attachments may enhance the need that the exhibits and attachments be part of the public record. *EEOC v. Natl Children's Ctr.*, 98 F.3d at 1410-1411.

Mr. Ring seeks to unseal the reverse proffer document provided to him by the government on February 15, 2008. Pursuant to the general protective orders in this case, that document was treated as confidential, *see* DE 19, 40 and 51, meaning that it could only be filed under seal, presumably to protect the secrecy of the government's then-continuing investigation into the Abramoff matter. By the time of Mr. Ring's trial, however, these interests in secrecy had diminished substantially. Mr. Ring's pre-trial dealings with the government were extensively referenced in the public record at trial, with the government in particular attempting to introduce into evidence statements made by Mr. Ring during pre-trial proffer sessions. With the trial long over and the Abramoff investigation completed, it is hard to imagine any legitimate interest that the government has in the continuing secrecy of these materials.[2]

On the other side of the ledger, the public interest in securing access to these materials is weighty. There has been considerable recent public discussion about the trial penalty – i.e., the premium the government seeks to extract on individuals who exercise their Fifth and Sixth

---

[2] To be sure, to the extent these materials reference other individuals who were not prosecuted, some legitimate privacy interests may remain. The motion does not seek the unsealing of any of these portions of the power point, and any unsealing order would still not allow for the public release of that information.

Amendments rights to a jury trial and proof beyond a reasonable doubt.[3]  Criminal justice reform advocates like Families Against Mandatory Minimums (FAMM) are currently studying this issue, but are often stymied because materials that might shed additional light on the trial penalty (like Mr. Ring's reverse proffer agreement) are kept hidden from public scrutiny and review.[4]  Release of this information would accordingly provide a considerable benefit, by bringing greater transparency to, and public scrutiny of, the daily workings of the criminal charging, plea, and sentencing processes.

The Court should order the unsealing of the exhibit filed with this motion.  A proposed order is attached.

---

[3] Most recently, on December 5, Human Rights Watch ("HRW") published a report titled, "An Offer You Can''t Refuse: How US Federal Prosecutors Force Drug Defendants to Plead Guilty," available online at: http://www.hrw.org/sites/default/files/reports/us1213_ForUpload_0.pdf. In addition, on October 9, Judge John Gleeson released a 60-page sentencing memorandum in which he sharply criticized the disparate sentences imposed on individuals solely for exercising their constitutional right to trial. *US v. Kupa*, No. 11-CR-345 (E.D.N.Y. Oct. 9, 2013). The HRW report and Gleeson opinion received extensive media coverage.

[4] In his memorandum in *Kupa*, which involved the use of prior felony notices filed under 21 U.S.C. § 851, Judge Gleeson wrote, "…[I]t's difficult to gather data about the use of prior felony informations. Because a prosecutor's oral threat to file one is often sufficient to prod a defendant into pleading guilty, there is usually no record of its role in the case. Still, there is plenty of documentary evidence that the use of prior felony informations to coerce pleas and inflict trial penalties is widespread, in this district and elsewhere. It shows that there are different ways to use them as sledgehammers." Trial penalties are not the exclusive province of cases involving mandatory minimums or drug offenses. For example, noted white collar law professor and expert Ellen Podgor has highlighted trial penalties created in business cases. She wrote of white collar defendants: "The reward of a 'not guilty' verdict at trial comes at a high cost. There is the high cost of going to trial, a cost that far exceeds the typical street crime because of the long investigation and trial and in large part because these cases are predominantly a product of documents.…The risk of trial becomes so great that in order to minimize the possible consequences innocence becomes an irrelevancy. Although the plea bargain to trial differential existed for many years in crimes outside the white collar crime context, the high sentences now being given to individuals and entities charged with white collar crimes place those crimes in comparable stead with street crimes. This gives pause to whether the next phase of wrongful convictions might move beyond street crimes into the white collar world." (The Podgor paper can be found at http://cklawreview.com/wp-content/uploads/vol85no1/Podgor.pdf.)]

                                Respectfully Submitted,

                                      /s/ Andrew T. Wise
                              Andrew T. Wise (D.C. Bar # 456865)
                              Timothy P. O'Toole (D.C. Bar # 469800)
                              MILLER & CHEVALIER CHARTERED
                              655 Fifteenth Street, N.W., Suite 900
                              Washington, DC  20005-5701
                              Tel.: (202) 626-5800
                              Fax: (202) 626-5801

                              *Attorneys for Kevin A. Ring*

Dated:  December 23, 2013